## NEW YORK HOUSE WRECKING CO. v. O'ROURKE.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. WRITTEN CONTRACTS—ORAL EXPLANATION—ADMISSIBILITY OF EVIDENCE.

A contract whereby defendant sold plaintiff all the old iron in a building at a specified price per ton, and plaintiff was to pay $1,000 before any delivery, and defendant reserved the right "to keep whatever I want of the iron," was ambiguous, owing to the quoted phrase, and testimony as to conversations after the contract showing a contemporaneous construction was admissible.

Appeal from Trial Term.

Action by the New York House Wrecking Company against John F. O'Rourke. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Pierre M. Brown, for appellant.

Dean Emery, for respondent.

INGRAHAM, J. The action was brought to recover damages for breach of a contract whereby the defendant agreed to sell and deliver to the plaintiff, and the plaintiff agreed to buy from the defendant, all of the old safes, iron, or other metal forming a part of the old Stock Exchange vaults. The contract was in the form of a letter written by the defendant to the plaintiff, which is as follows:

"New York, Jan. 22nd, 1902.

"New York House Wrecking Co., 514 E. 23rd St., N. Y.—Gentlemen: I herewith beg to offer you all the old safes, iron or any other metal now forming part of the Old Stock Exchange Vaults, for the sum of eight dollars and fifty cents ($8.50) per ton of 2000 pounds, and the granite at 25 cts. per cubic foot, all to be delivered on the sidewalk and to be carried away by you. I reserve the right, however, to keep whatever I want of the iron, safes and stone.

"Payment $1000.00 before delivery of any material, successive payments of $1000.00, as enough material is delivered to make up the respective amounts.

"Very truly yours, [Signed] John F. O'Rourke,
"Copy. "Mueller.
"Accepted.
"New York House Wrecking Co.
"L. Benjamin, V. P."

The plaintiff paid the $1,000 upon the execution of the contract, and proceeded to take out the safes under the contract. After the plaintiff had removed about 110,000 pounds of the vault plates, the question as to the removal of the vaults came up, when the plaintiff's representative suggested to the defendant's manager, who was in charge of the work, that, to make the boxes lighter, the doors should be broken off. The defendant's manager made no objection, and plaintiff's employés proceeded to do as suggested, whereupon the defendant wrote the plaintiff the following:

"Contrary to our agreement, a number of your men went into the Safe Deposit Vaults at the New York Stock Exchange and wrecked a good number of safes, which damage as well as any other, I expect you to make good, or I will do so and charge it to your account. In consequence of this act on the part

of your employees, I would ask you to withdraw, as no further material will be delivered to you."

Subsequent to this letter the defendant refused to deliver to the plaintiff any more of the materials described in the contract. The defendant's manager, when asked what was the matter, replied that he had instructions not to let the plaintiff's men have any more of the materials; and the plaintiff seeks to recover in this action the damages sustained because of a refusal of the defendant to carry out the contract. There was evidence as to the value of the materials to which plaintiff was entitled under the contract, and, a jury having been waived, the court found that there was a breach of the contract by the defendant, and that the damages sustained by the plaintiff amounted to $1,780, for which judgment was directed.

There is a statement in the case that it contains "all the evidence offered and received upon the trial, except expert evidence on both sides as to the value of materials which were the subjects of the contract in question, as to which values no question is raised upon this appeal." The question, therefore, that we have to determine, is whether the finding of the court that there was a contract, and a breach thereof by the defendant, was sustained by the evidence. The defense depends upon the construction to be given to the clause in this letter by which the defendant reserved the right to keep whatever he wanted of the iron, safes, and stone. It is evident that the parties intended to sell something. It was certainly not intended that the defendant could refuse to deliver any materials, and retain the $1,000. The language used was ambiguous, and it was sufficient to justify, I think, evidence as to the verbal negotiations that led up to the contract, to explain the intention of the parties. The plaintiff offered such testimony, which was objected to by the defendant and excluded. There was testimony, however, as to conversations after the execution of the contract, which, although objected to by the defendant, were clearly competent as a cotemporaneous construction of this ambiguous phrase upon which the defendant now seeks to sustain his refusal to perform his contract. This testimony, which quite clearly shows the construction put upon this clause of the contract by the parties immediately after its execution, removes any doubt, if doubt there was, as to what was intended when the contract was made. As before stated, it is clear that the defendant agreed to sell, and the plaintiff agreed to purchase, something. Certainly it was not the intention of the parties that the day after the contract was executed, and the $1,000 received by the defendant, the defendant could abrogate the contract by saying that he desired to retain all of the articles which he had agreed to sell. What was obviously intended was that, as to any special article included within the general description of the property sold, the defendant should have the right to exclude it from what was to be delivered under the contract; but the special article that the defendant desired to exclude must be designated by him, and then as to that article the contract did not apply. Now, the defendant failed to comply with this requirement. He specified no article which he wished excluded from the sale, but simply refused to deliver to the plaintiff any of the property which he had sold, and for which he had been paid. That this was a

breach of his contract was apparent, and for the damage sustained by the plaintiff in consequence of such breach he was clearly liable.

There are no exceptions to the admission and exclusion of testimony that require discussion.

It follows that the judgment appealed from must be affirmed, with costs. All concur.